# JUVENILE COURT OF THE DISTRICT OF COLUMBIA
## v. HUGHLETT.

CERTIORARI; CONTEMPT; JUVENILE COURT.

1. The purpose of the writ of certiorari is to review or restrain excess

of jurisdiction where no other adequate remedy exists (citing *Presbyterian Church* v. *District of Columbia,* 34 App. D. C. 600), and the writ cannot be used to correct errors or irregularities (citing *Bradshaw* v. *Earnshaw,* 11 App. D. C. 495); nor by means of it can a right of appeal lost by delay be revived. (Citing *Ex parte Dries,* 3 App. D. C. 165, and *District of Columbia* v. *Brooke,* 29 App. D. C. 563.)

2. The juvenile court of the District of Columbia has jurisdiction to punish for contempt a person who disobeys its summons to appear and testify as a witness (34 Stat. at L. 76, chap. 960), and where such a person is apprised of the nature of the charge against him and afforded opportunity for defense, mere informalities in the proceeding which resulted in his punishment will not affect the question of the jurisdiction of the court; and whether error was committed in the rendition of the judgment of the court cannot be inquired into in a certiorari proceeding.

No. 2806.   Submitted October 4, 1915.   Decided November 1, 1915.

HEARING on an appeal by the respondent, the Juvenile Court of the District of Columbia, from a judgment of the Supreme Court of the District of Columbia in a certiorari proceeding setting aside a judgment of the former court.   *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by the juvenile court of the District of Columbia from a judgment in the supreme court of the District in a certiorari proceeding setting aside a judgment of the juvenile court.

On June 20, 1914, the juvenile court issued a summons to the appellee, Fleet S. Hughlett, a member of the Metropolitan police force, to appear in that court on June 23d, following, as a witness for the United States. This summons was served by another member of the police force. The appellee did not appear as summoned, neither did he communicate with the court in any way. Thereupon the court issued an attachment for the appellee, which was returned not found. Another summons then was issued, served by a member of the police force, directing the appellee to appear on the 24th day of June

as a witness for the United States.  Appellee appeared in answer to this summons, and then was advised of the charge of contempt against him in not responding to the first summons. He asked for a few hours' delay, that he might procure the attendance of his physician, and this request the court granted. Upon the appearance of this witness for the appellee, his trial proceeded without objection, and he was adjudged guilty and fined $5, which he paid.  After the time within which a petition for a writ of error might have been filed, appellee commenced this proceeding, with the result heretofore noted.

*Mr. Conrad H. Syme,* Corporation Counsel, *Mr. Francis H. Stephen,* Assistant, and *Mr. George E. Sullivan* for the appellant.

*Mr. Daniel W. Baker* and *Mr. William E. Leahy* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The purpose of the writ of certiorari is to review or restrain excess of jurisdiction where no adequate remedy exists.  *Presbyterian Church* v. *District of Columbia,* 34 App. D. C. 600, and cases there cited.  The writ will not go to correct errors or irregularities.  *Bradshaw* v. *Earnshaw,* 11 App. D. C. 495. It follows that a right of appeal lost by delay cannot be revived through the instrumentality of a remedial prerogative writ. *Ex parte Dries,* 3 App. D. C. 165.  And certiorari is such a writ.  *District of Columbia* v. *Brooke,* 29 App. D. C. 563.

The first question logically to be considered, therefore, is whether the juvenile court possessed jurisdiction in the contempt proceeding against appellee, for if that question is answered in the affirmative we will not here inquire into the correctness of the court's conclusion in that proceeding.  That the court possessed jurisdiction of the class of cases to which the case against the appellee belonged cannot be doubted, since in the act of its creation (34 Stat. at L. 76, chap. 960), express

authority was conferred upon the court "to punish contempts by fine not exceeding $20 and imprisonment for not more than forty-eight hours, or either." But, it is contended, the court was without jurisdiction of the person because the record fails to show that a sworn statement charging the appellee with contempt ever was filed in the court. This contention apparently does not take into account the very material fact that the appellee was actually before the court, was apprised of the charge against him, and without objection proceeded to trial upon that charge. But let us see whether the appellee, under any view of the proceeding, had any just cause for complaint.

Where a contempt is committed within the view of the court it may proceed upon its own knowledge of the facts, and punish the offender without issue or trial in any form. *Ex parte Terry,* 128 U. S. 289, 309, 32 L. ed. 405, 410, 9 Sup. Ct. Rep. 77; *Re Savin,* 131 U. S. 267, 277, 33 L. ed. 150, 153, 9 Sup. Ct. Rep. 699. While the alleged contempt in this case was not of the character above mentioned, it unquestionably was of such a character as to authorize the court to proceed summarily, for the wilful disobedience by a witness of the court's summons is an obstruction of the administration of justice and a contempt of the authority of the court. See Rev. Stat. § 725. In such a case "the proper practice is, by rule or other process, to require the offender to appear and show cause why he should not be punished." *Re Savin,* supra. Where it appears, as here, that the defendant was clearly apprised of the nature of the charge against him and afforded opportunity for defense, in other words that his trial was without unfairness or oppression, mere informalities in the proceeding will not affect the question of jurisdiction. We rule, therefore, that the juvenile court not only had jurisdiction of the subject-matter before it, but that it had jurisdiction of the appellee, and that whether error was committed in the rendition of its judgment cannot be inquired into in this proceeding.

The judgment must be reversed, with costs, and the cause remanded for further proceedings.          *Reversed and remanded.*

A petition for a rehearing was denied November 20, 1915.